UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEANDREW PEEPLES                                                         CIVIL ACTION

VERSUS                                                                          NO. 23-1445-SDD-EWD

UNITED SERVICES AUTOMOBILE
ASSOCIATION, ET AL.

**NOTICE AND ORDER**

This is a civil action, filed by Leandrew Peeples ("Plaintiff"), alleging claims of property damage caused by Hurricane Ida in August 2021. Plaintiff claims USAA Casualty Insurance Company ("USAA CIC"), USAA General Indemnity Company ("USAA GIC"), United States Automobile Association ("USAA"), and Garrison Property and Casualty Insurance Company ("Garrison") (collectively, "Defendants") have failed to adequately compensate him under an insurance policy for the damages.[1] On October 5, 2023, Defendant USAA GIC Travelers removed the matter to this Court, alleging that federal subject matter jurisdiction under 28 U.S.C. § 1332.[2]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient as to both citizenship and amount in controversy.

*Plaintiff's Citizenship and the Joinder of USAA*

Citizenship has been adequately alleged as to as USAA GIC, USAA CIC, Garrison, and USAA.[3] However, Plaintiff's citizenship has not been adequately alleged. While the Notice of

---

[1] R. Doc. 1-1.
[2] R. Doc. 1, ¶ 6.
[3] In the Notice of Removal, it is alleged that (1) that USAA GIC is incorporated and maintains its principal place of business in Texas, (2) that USAA CIC is incorporated and maintains its principal place of business in Texas, (3) that Garrison is incorporated and maintains its principal place of business in Texas, and (4) that USAA is a "reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes." R. Doc. 1, ¶¶ 9-12. Regardless of USAA GIC's contentions (1) that while USAA CIC and Garrison are diverse from

1

Removal states, "[Plaintiff] avers he is domiciled in East Baton Rouge Parish, Louisiana,"[4] the Petition, on which the Notice of Removal relies, states only that Plaintiff is a "resident" of Louisiana. Allegations of residency are not sufficient to state citizenship.[5] To allege the citizenship of an individual, such as Plaintiff, USAA GIC must allege the individual's domicile.

Notwithstanding the deficient citizenship allegations as to Plaintiff, the allegations in the Notice of Removal and Petition suggest that both Plaintiff and USAA could be Louisiana citizens, such that complete diversity does not exist. However, USAA GIC asserts that "USAA citizenship is inconsequential because it did not issue the policy referenced in the petition and is improperly joined."[6] In support of its contention that USAA is improperly joined, USAA GIC argues that because (1) "[e]ach and every claim [Plaintiff] assets in the petition [is] base[d] on a purported contractual relationship between the parties,"[7] and (2) "USAA did not issue, and is not a party to" the insurance policy at issue, Plaintiff "lacks standing to assert the claims in the petition against USAA and cannot recover from USAA based on those claims."[8]

As Plaintiff currently asserts a claim against a non-diverse party, Plaintiff will be required to file either a motion to remand, if Plaintiff believes he has a reasonable likelihood of recovery

---

Plaintiff, there citizenship is immaterial because they were improperly joined, and (2) that USAA's non-diverse citizenship should be disregarded because it was improperly joined (R. Doc. 1, ¶¶ 10-12), the citizenship of these parties has been adequately alleged for diversity purposes. *See* 28 U.S.C. § 1332(c); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). *See also Fields v. Progressive Cas. Ins. Co.*, No. 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022).
[4] R. Doc. 1, ¶ 7.
[5] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[6] R. Doc. 1, ¶¶ 12-16.
[7] Plaintiff's Petition asserts the following as to USAA is "truly and justly indebted" to Plaintiff because at all relevant times, (1) USAA and the other Defendants provided "a policy of insurance, bearing Policy Number GIC 03348 17 09 90A (the 'Policy'), issued to [Plaintiff] that was in full force and effect and covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water"; (2) that Defendants, including USAA, "inspected" Plaintiff's property on September 25, 2021 and assigned him a claim number; (3) that Defendants' estimate "grossly underreported" the damage to Plaintiff's property; and (4) that despite satisfactory proof of loss, Defendants, including USAA, "have yet to tender adequate insurance proceeds." R. Doc. 1, ¶¶ 1-13.
[8] *Id*.

2

against Defendant USAA,[9] or a motion to dismiss all claims against USAA, if Plaintiff agrees that USAA is improperly joined.

*Amount in Controversy*

Since it is not facially apparent from the Petition that Plaintiff's damages will likely exceed the federal jurisdictional amount, which USAA GIC acknowledges,[10] USAA GIC, as the removing party, has the burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000, exclusive of interest and costs.[11] Here, USAA GIC asserts that the amount in controversy requirement is satisfied because Plaintiff submitted a June 23, 2022 "damage estimate from PCG Claims, LLC valued at $65,250.38," which when "combined with his claims for statutory penalties and attorneys' fees,…clearly exceeds $75,000.00."[12] Despite USAA GIC's representation that Plaintiff's estimate was attached to the Notice of Removal,[13] it was not. Nor has it been filed into the record to date. Regardless, even if the estimate had been filed into the record, it is unclear what, if anything, USAA GIC has paid on Plaintiff's claim, which is necessary information to determine the amount in controversy, *i.e.*, actually claimed.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse.[14]

---

[9] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) ("To establish that a non-diverse defendant has been [improperly] joined to defeat diversity jurisdiction, the removing party must prove ... that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [in-state] defendant."). *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant.").
[10] R. Doc. 1, ¶ 20.
[11] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta Coatings, Inc. v. Travelers Property Casualty Co. of America*, No. 15-222, 2016 WL 7851411, at *2 (M.D. La. Oct. 21, 2016).
[12] R. Doc. 1, ¶¶ 21-23.
[13] *See id.* at ¶ 21 (citing "Ex. C, PCG Claims, LLC estimate").
[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS ORDERED** that USAA GIC shall review the Court's Notice of Requirements for Diversity Jurisdiction, which can be found on Judge Wilder-Doomes' page on the Court's website under Case Information and Forms.[15] If USAA GIC can correct the deficient jurisdictional allegations (28 U.S.C. § 1653), by no later than **November 15, 2023**, USAA shall file a comprehensive Amended Notice of Removal, that contains all its numbered allegations as revised, supplemented, and/or amended, without references to any other document in the record, and that **(1)** adequately alleges (A) the citizenship of Plaintiff and (B) what amount, if any, USAA GIC has paid on Plaintiff's claim; and **(2)** attaches the June 23, 2022 estimate from PCG Claims, LLC and any other summary judgment-type evidence bearing on amount in controversy. USAA GIC shall include a certification that counsel has reviewed the Notice of Jurisdictional Requirements and all applicable cases cited regarding the pleading of the AIC in cases asserting personal injury.

**IT IS FURTHER ORDERED** that by no later than **November 29, 2023**, Plaintiff shall file either: **(1)** a Notice stating that Plaintiff does not dispute that USAA GIC established the jurisdictional requirements of 28 U.S.C. § 1332 and a motion to dismiss as to USAA, if Plaintiff agrees that he does not have a likelihood of recovery against USAA, or **(2)** a Motion to Remand, addressing either citizenship, amount in controversy, or both, as appropriate.

Signed in Baton Rouge, Louisiana, on November 1, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] The Notice is also available at https://www.lamd.uscourts.gov/sites/default/files/pdf/EWD%20notice%20for%20juris.%20pleading%201332%2010.6.23%20Final.pdf.